UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14017-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARGARITO ARGUELLO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** having come before the Court for a final hearing on January 16, 2019 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing recommends to the District Court as follows:

1. Defendant appeared before this Court on January 16, 2019 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about November 6, 2018, in St. Lucie County, Florida, the defendant did commit the offense of possession of a controlled substance without a valid prescription, contrary to Florida Statute 893.13(6)(a). |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to submit a truthful and complete monthly report. The defendant's December 2016 through October 2018 Monthly Supervision Reports contained false information regarding contact with anyone having a criminal record, when in fact, evidence and statements by the defendant indicate this to be false. |

|   |   |
|---|---|
| **Violation Number 3** | **Violation of Standard Condition**, by associating with a person who is a convicted felon without permission of the U.S. Probation Officer. On or about November 6, 2018, the defendant knowingly associated with Shawn Donahue [personal identifiers omitted], convicted in St. Lucie County, Florida, on January 3, 2014, Docket Number 562013CF002192A of Possession of More Than 20 Grams of Cannabis, and sentenced to a term of one year state prison. |
| **Violation Number 4** | **Violation of Standard Condition**, by associating with a person who is a convicted felon without permission of the U.S. Probation Officer. On or about November 14, 2018, the defendant knowingly associated with Robert Vogel [personal identifiers omitted], convicted in the Middle District of Florida, on July 22, 2015, Docket Number 8:14-cr-530-T-30MAP of Count One: Possession of three silencers which were not registered in the National Firearms Registration and Transfer Record; Count Two: Transfer of three silencers to an individual without obtaining the necessary approval to make such a transfer; Counts Three, Five, Seven and Nine: Unlawful possession of a machine gun and/or silencers; and Count Four, Six, Eight and Ten: Unlawful transfer of a machine gun and/or silencers, and sentenced to a term of 24 months custody of the Bureau of Prisons, followed by a three year term of supervised release. |

2.      After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 2, 3 and 4 as set forth in the Petition. The Government agreed to dismiss Violation Number 1 after sentencing. This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admission to Violation Numbers 2, 3 and 4 all that will remain as to these violations will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The Government provided a factual proffer for Defendant's admissions. According to that proffer, the Defendant submitted Monthly Supervision Reports between December 2016 and October 2018 stating that he had not had contact with anyone having a criminal record. Defendant subsequently admitted having contact with Shawn Donahue and/or Robert Vogel during this time period, and also on November 6, 2018 and November 14, 2018. Defendant further admitted that he knew both individuals had criminal records with he had contact with them. Defendant agreed at the hearing that the Government's proffer was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Number 2, 3 and 4.

4. The possible maximum penalties faced by Defendant were read into the record by the government, and Defendant stated that he understood those penalties.

**ACCORDINGLY,** based upon the Defendant's admission to Violation Number 2, 3 and 4 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 2, 3 and 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. **The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.**

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of January, 2019.

*[signature]*
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE